**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUIS FELIPE MINIGO-SHINGU** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 26-8676** |
| | : | |
| **WARDEN ANDY CRUZ, ACTING DIRECTOR JOHN E. RIFE, SECRETARY MARKWAYNE MULLIN, ACTING ATTORNEY GEN. TODD BLANCHE, U.S. DEPARTMENT OF HOMELAND SECURITY** | : | |

# ORDER

**AND NOW**, this 17th day of November 2026, upon considering an incarcerated man's Petition for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center Philadelphia after residing in the United States for five years, Respondents' Answer (ECF 7) opposing release but not showing Respondents afforded Petitioner notice and an opportunity to demonstrate a pre-bond hearing release would not pose a danger to property or persons and Petitioner is likely to appear for his scheduled bond hearing or other proceedings, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1. Petitioner Luis Felipe Minigo-Shingu is not today subject to detention under 8 U.S.C. § 1226(a) without Respondents showing they afforded Petitioner pre-custodial notice of his ability to demonstrate he would not pose a danger to property or persons and Petitioner is likely to appear for future proceedings;

2. Respondents shall forthwith **release** Luis Felipe Minigo-Shingu from federal custody no later than **6:00 PM EST** on **November 17, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **9:30 AM EST** on **November 18, 2026**;

3. Respondents are temporarily enjoined from re-detaining Petitioner until a finding by an immigration judge after a bond hearing and should Respondents choose to pursue re-detention before a bond hearing under section 1226(a), they must first: 1) provide Petitioner notice and an opportunity to demonstrate release would not pose a danger to property or persons and Petitioner is likely to appear for any future proceedings; 2) identify their determination of this threshold question in their detainer documents to confirm their compliance with governing Regulations; and 3) if requested, schedule a bond hearing at which a neutral immigration judge will determine whether detention is then warranted pending resolution of those removal proceedings; and,

4. The Clerk of Court **CLOSE** this case.[1]

**KEARNEY, J.**

[1] Immigration and Customs Enforcement arrested Luis Felipe Minigo-Shingu and detained him after apprehending him and his wife in his parked truck on an Upper Darby, Pennsylvania street on November 8, 2026. ECF 1 ¶ 20. The United States claims to have detained Mr. Minigo-Shingu under the authority granted by Congress in 8 U.S.C. §1226(a). ECF 7 at 1. Mr. Minigo-Shingu resided in the United States for five years. ECF 1 ¶ 18. He lives in Havertown, Pennsylvania with his wife and their three children. *Id.* He and his family have worked to build community during his time in Havertown. *Id.* He has no criminal history and has never encountered immigration officials. *Id.* ¶¶ 18–19.

Mr. Minigo-Shingu petitions for habeas relief urging the United States' exercise of discretion in detaining him (absent further proof) violates the Constitution, 8 U.S.C. § 1226(a), and 8 C.F.R. § 236.1. *Id.* ¶¶ 55–70. He also argues the United States violates the *Accardi* doctrine by detaining him. *Id.* ¶ 71–74 ("The *Accardi* doctrine holds that government agencies are bound to follow their own rules, even self-imposed procedural rules that limit otherwise discretionary decisions.") (citing *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)). The United States argues it lawfully detained Mr. Minigo-Shingu within its discretion under 8 U.S.C. § 1226(a). ECF 7 at 1. The United States concedes the questions before us regarding detention under section 1226(a) and due process are substantially the same as those we addressed in *Merchan Merchan v. Jamison, et al.*, No. 26-8145 (E.D. Pa. Oct. 28, 2026) and *Alatoom v. Rife, et al.*, No. 26-7178, 2026 WL 3073229 (E.D. Pa. Sep. 22, 2026). ECF 7 at 2.

---

The United States must afford Mr. Minigo-Shingu a bond hearing before an Immigration Judge. *I.K. v. Jamison*, No. 26-3719, Order (ECF 10) (E.D. Pa. June 9, 2026) (Diamond, J.). Mr. Minigo-Shingu neither requested nor refused an Immigration Judge review his custody determination when the United States detained him. ECF 7 at 2 n. 1; ECF 7-4 at 2. The United States scheduled a virtual removal hearing for Mr. Minigo-Shingu in front of an Immigration Judge in Elizabeth, New Jersey on November 19, 2026 at 1:00 PM. ECF 7 at 2; ECF 7-3 at 2.

The bond hearing will address Mr. Minigo-Shingu's custody. And we agree with our colleagues as to his need to exhaust administrative remedies if an Immigration Judge detains him after considering the evidence at a bond hearing.

We face a different question. The question before us today is what process the United States owed Mr. Minigo-Shingu before depriving him of liberty subject to a later hearing including whether this type of pre-hearing custody without giving notice of his ability to show grounds to avoid custody is consistent with the United States' discretion to detain him pending his bond hearing. The United States adopts its earlier positions in *Merchan Merchan v. Jamison, et al.* and *Alatoom v. Rife, et al.* where it suggested neither Congress in section 1226(a) nor the regulations issued thereunder afford some form of pre-seizure determination before custody. ECF 7 at 2–3. We agree in part; Congress did not specifically identify the need for a pre-deprivation liberty determination in section 1226(a). But the regulations governing the United States' discretion under section 1226(a) afford Mr. Minigo-Shingu the opportunity to demonstrate "release would not pose a danger to property or persons" and Mr. Minigo-Shingu "is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). The United States does not address how we are to ignore these regulations. The United States instead advances its previous arguments and suggests Congress through section 1226(a) affords Immigration and Customs Enforcement discretion "to detain the noncitizen being charged as removable from the United States, as is the case here." ECF 7 at 3. Under the United States' view, it can place a person in custody without the findings defined in the regulation and Mr. Minigo-Shingu can later argue for release.

We recognize (as does the United States) our colleagues differ on the due process rights before a bond hearing when the United States exercises discretion under section 1226(a). Judge Diamond denied a Petition for habeas relief when a petitioner challenged detention under section 1226(a), and an Immigration Judge scheduled a bond hearing for eleven days after Immigration and Customs Enforcement (ICE) detained Petitioner. *I.K.*, No. 26-3719 at Order (ECF 10). Judge Diamond found the petitioner had not exhausted his administrative remedies. *Id.* Other colleagues denied habeas relief under similar facts. *See, e.g., Sanchez v. Jamison et al.*, No. 26-7938, 2026 WL 3218606 (E.D. Pa. Oct. 27, 2026) (Kenney, J.); *Vakhtangadze v. J.L. Jamison, et al.*, No. 26-6630, 2026 WL 2969613 (E.D. Pa. Oct. 2, 2026) (Pozos, J.); *Piatukho v. Jamison, et al.*, No. 26-6413, 2026 WL 2719267 (E.D. Pa. Sep. 15, 2026) (Leeson, J.).

We and several of our colleagues hold Congress did not authorize pre-bond hearing detention without an individualized determination of the individual's flight risk or danger to the community under section 1226(a). *See Jimenez v. Mullin, et al.*, No. 26-8639, ECF 7 (E.D. Pa. Nov. 16, 2026) (McHugh, J.); *Mercado Marin v. Mullin, et al.*, No. 26-8635, ECF 7 (E.D. Pa. Nov. 16, 2026) (Henry, J.); *Luna v. Jamison*, No. 26-7492, 2026 WL 3372179 (E.D. Pa. Nov. 6, 2026) (Younge, J.); *Vishal Rajeshkumar Raval v. Jamison*, No. 26-8270, 2026 WL 3322149 (E.D. Pa. Nov. 3, 2026) (Scott, J.); *Gayratjon Tuhtamurodov v. Rife*, No. 26-8257, 2026 WL 3322159 (E.D. Pa. Nov.

3, 2026) (Rufe, J.); *Emile v. Jamison, et al.*, No. 26-8099, 2026 WL 3308132 (E.D. Pa. Nov. 2, 2026) (Padova, J.); *Chub Coc v. Jamison, et al.*, No. 26-8177, 2026 WL 3270087 (E.D. Pa. Oct. 30, 2026) (Sánchez, J.); *Merchan Merchan v. Jamison, et al.*, No. 26-8145 (E.D. Pa. Oct. 28, 2026) (Kearney, J.); *Araujo v. Officer in Charge ICE, et al.*, No. 26-6974, 2026 WL 3206909 (E.D. Pa. Oct. 26, 2026) (Bartle, J.); *Tenezaca-Bacacela v. Jamison, et al.*, No. 26-7617, ECF 10 (E.D. Pa. Oct. 16, 2026) (Schmehl, J.); *Zhuno-Livicura v. J.L. Jamison, et al.*, No. 26-7254, 2026 WL 3333643 (E.D. Pa. Oct. 15, 2026) (Hodge, J.); *Hernandez v. Jamison, et al.*, No. 26-7606, 2026 WL 3034460 (E.D. Pa. Oct. 9, 2026) (Beetlestone, C.J.); *Figuera Castro v. Warden of Fed. Det. Ctr. Philadelphia,* No. 26-7526, 2026 WL 3372170 (E.D. Pa. Oct. 8, 2026) (Quiñones Alejandro, J.); *Torres Guevara v. Warden of Fed. Det. Ctr. Philadelphia*, No. 26-7077, 2026 WL 2838542 (E.D. Pa. Sep. 22, 2026) (Savage, J.); *Alatoom v. Rife, et al.*, No. 26-7178, 2026 WL 3073229 (E.D. Pa. Sep. 22, 2026) (Kearney, J.); *Perez Angeles v. Mullin, et al.*, No. 26-7167, 2026 WL 2026 WL 3041377 (E.D. Pa. Sep. 22, 2026) (Kearney, J.) (granting habeas relief one day before petitioner's scheduled bond hearing because the United States did not make an individualized determination of petitioner's flight risk or danger to the community under section 1226(a)).

The several cases follow earlier decisions from Chief Judge Beetlestone, Judge Sanchez, Judge Rufe, and Judge Ho. Chief Judge Beetlestone granted habeas relief finding detention under section 1226(a) is discretionary and the United States had not made an individualized bond determination. *Regalado-Nauta v. Jamison*, No. 26-6834, 2026 WL 2740528, at *3–5 (E.D. Pa. Sep 16, 2026). Chief Judge Beetlestone focused, along with Judge Sánchez in an earlier case, on the lack of criminal history or dangerousness concern consistent with 8 C.F.R. § 1236.1(c)(8). The United States adopts its previous argument in *Merchan Merchan v. Jamison, et al.* and *Alatoom v. Rife, et al.* where it suggested this analysis is inappropriate under a section 1226(a) discretionary abstention and neither Congress nor the administrative agencies require a finding of dangerousness on an individual basis under section 1226(a). ECF 7 at 2–3. The petitioner before Chief Judge Beetlestone seemingly had no criminal history (like Mr. Minigo-Shingu) and regularly appeared for routine check-ins at the Philadelphia field office of the Department of Homeland Security. *Regalado-Nauta*, 2026 WL 2740528, at *3–5. Judge Sánchez similarly granted a Petition for habeas relief finding the facts before him "bereft of a reasoned finding that Petitioner is dangerous or a flight risk, or unsuitable for conditions short of detention." *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4–5 (E.D. Pa. June 17, 2026).

Judge Rufe likewise granted habeas relief under section 1226(a) when the United States did not provide a habeas petitioner with an individualized custody determination or an opportunity to be heard before his section 1226(a) bond hearing. *Winniber De Los Santos Medina, v. J.L. Jamison, et al.*, No. 26-6800, 2026 WL 2742071, at *1 (E.D. Pa. Sept. 16, 2026). Judge Rufe explained before the United States exercises discretion to detain a non-citizen it must make an individualized custody determination regarding "whether the non-citizen is a danger to property or persons and is likely to appear for any future proceedings." *Id.* at *4. The United States cannot exercise discretion and detain a non-citizen based solely on immigration status. *Id.* at *5. Judge Rufe next reviewed the Supreme Court's three factor analysis from *Mathews v. Eldridge* finding the United States did not meet its obligation to provide petitioner procedural due process. *Id.* at 4 (citing *Mathews v. Eldrige*, 424 U.S. 319, 334 (1976)).

We are also guided by Judge Ho's analysis last year in *Lopez Benitez v. Francis*. 795 F.Supp.3d 475, 492–495 (S.D.N.Y. 2025). Judge Ho explained reading section 1226(a) as Congress requiring

the United States to make an individualized assessment "is the only way to make sense of the broader statutory and regulatory scheme" for two reasons: 1) it does not make sense to provide individuals an opportunity to challenge their detention before an immigration judge unless detention is based on an individualized assessment of dangerousness or flight risk; and 2) Congress's carve out in section 1226(c) for disfavored [criminal] non-citizens is unnecessary if it authorizes under section 1226(a) the categorical detention of any non-citizen. *Id.* at 493–94.

Mr. Minigo-Shingu's detention today before a bond hearing process – even for another two days – cannot withstand due process scrutiny on the record before us. Mr. Minigo-Shingu has the right to demonstrate to the immigration officer issuing the warrant his release does not pose a danger to property or persons and he is likely to appear for any future proceedings. We, like Judge Rufe, reviewed the Supreme Court's *Mathews* factors and find procedural due process requires, at a minimum, the United States provide Mr. Minigo-Shingu with notice of this right to demonstrate grounds for his release pending a bond hearing and then exercise discretion after hearing from Mr. Minigo-Shingu. Respondents can then provide their notice of this right and their findings before custody. We would then face a closer question on due process.

We have no basis to today find the United States offered this notice and will not substitute our judgment on these findings for the officer issuing the warrant based on the limited information before us. The record is devoid of evidence the United States determined Mr. Minigo-Shingu's flight risk or danger to the community before detaining him as required. The United States presents Mr. Minigo-Shingu's Form I-213 Record of Deportable Inadmissible Alien suggesting they detained him as part of a November 8, 2026 "targeted enforcement operation to locate and arrest" another individual. ECF 7-1 at 3. During this operation Immigration and Customs Enforcement agents identified an individual driving a truck they believed to be their operation's target. *Id.* They discovered the truck's registration belonged to Mr. Minigo-Shingu. *Id.* They followed the truck until it parked, positioned their vehicles in the middle of the street to prevent the vehicle from fleeing, and identified Mr. Minigo-Shingu and his wife as the occupants. *Id.* at 3–4. Mr. Minigo-Shingu identified himself as a Mexican citizen. *Id.* The agents learned Mr. Minigo-Shingu "had no current legal status [allowing] him to remain in the United States" and arrested and detained him. *Id.* The United States also presents Mr. Minigo-Shingu's Form I-200, the warrant for Mr. Minigo-Shingu's arrest, suggesting it arrested him based on his immigration status. ECF 7-2 at 2. It presents a "Notice to Appear" form from the Department of Homeland Security containing details of Mr. Minigo-Shingu's upcoming November 19, 2026 removal hearing in front of an Immigration Judge. ECF 7-3 at 2. And the Form I-286 Notice of Custody Determination following Mr. Minigo-Shingu's arrest simply reflects the United States detained Mr. Minigo-Shingu without further explanation. ECF 7-4 at 2.

These allegations may show a basis for detention or removal after a hearing, but none of this evidence includes an individualized assessment of Mr. Minigo-Shingu's flight risk or danger to the community before detaining him without due process under the regulations on November 8, 2026.